Fraley v. Feather.

THOMAS FRALEY AND MARY FRALEY v. JOHN FEATHER.

1. In an action on an appeal-bond, judgment in the District Court should not be entered for the penalty, but for the amount really due and re-coverable, under section 5 of the act of 1878, (*Pamph. L.*, p. 151,) amending section 50 of the District Court act. *Rev.*, p. 1309.

2. Where the Court of Common Pleas, by mistake, entered judgment on appeal for the amount due and recoverable, instead of ordering judg-ment for that sum to be entered in the District Court, under the stat-ute, such judgment may be set aside and the proper order made at the same term.

3. Judgments are under the control of the court which pronounces them, during the term at which they are rendered or entered of record, and may then be set aside, vacated, modified or annulled by that court.

4. The exclusive jurisdiction given to District Courts, where the party defendant resides within the corporate limits of the city wherein said courts are established, confers merely a personal privilege on such de-fendant, which may be waived by submitting to the jurisdiction of another court.

On *certiorari* to the District Court of the city of Paterson.

Argued at February Term, 1884, before Justices SCUDDER and REED.

For the prosecutors, *J. F. Cahill.*

For the defendant, *W. J. St. Lawrence.*

The opinion of the court was delivered by

SCUDDER, J.    Thomas Fraley and Mary Fraley brought suit and recovered judgment, December 19th, 1881, before Hector C. Hudson, a justice of the peace of the county of Passaic, for $94 damages and $4 costs, in an action on the case against Charles Murphy and Bridget Murphy.    An ap-peal-bond, with John Feather as surety, was presented and an appeal demanded to the Court of Common Pleas, which was granted.    This appeal was afterwards dismissed by the Court

of Common Pleas for want of prosecution, on April 26th, 1882, and on June 16th, 1882, it was ordered that the appellees have leave to take the appeal-bond from the files of the court for prosecution. Action was brought in the District Court of the city of Paterson on this bond, and judgment rendered for the penalty, $200 and costs, June 17th, 1882. On appeal to the Court of Common Pleas, the amount was reduced to $104.28, without costs, and judgment entered in that court January 26th, 1883, of the term of January. Afterwards, on notice, February 10th, 1883, this judgment was set aside, and it was ordered that a judgment be entered in the District Court from which the appeal was taken, for the amount of $104.28, without costs.

This alteration in the amount of the judgment from $200, the penalty of the bond, to the amount really due and recoverable thereon, to wit, $104.28, was right, under section 5 of the act of 1878, (*Pamph. L., p.* 151,) amending section 50 of the District Court act. *Rev., p.* 1309. The change from the entry of judgment in the Court of Common Pleas to an order for judgment in the District Court was also according to the statute. *Rev., p.* 1330, § 171; *Guerin* v. *Rodwell*, 8 *Vroom* 71. It was also within the power of the court to make this correction at the same term in which the mistaken entry of judgment in the Court of Common Pleas was made. It appears on the record sent up with the *certiorari* that February 10th, 1883, was of the term of January, 1883, in which the judgment was entered. It is a general rule of law that all the judgments and orders of courts, however conclusive in their character, are under the control of the court which pronounces them during the term at which they are rendered or entered of record, and they may then be set aside, vacated, modified or annulled by that court. *Bronson* v. *Schulten*, 104 *U. S.* 410.

The return further shows that the defendants, Charles Murphy and Bridget Murphy, were both residents of the city of Paterson at the time the action was brought against them before the justice of the peace. It is thereupon contended that

as the act constituting District Courts in certain cities of this state makes their jurisdiction exclusive of all other courts whatever, in all cases arising under that act where the party defendant resides within the corporate limits of the city wherein said court or courts shall be established, (*Rev.*, *p.* 1302, § 6 ; *Pamph. L.* 1878, *p.* 148, § 6,) that the justice's court was without authority to pronounce judgment against these defendants, and that the appeal-bond given by them and their surety was involuntary and coercive, without any authority to exact it from them, and cannot be the subject of a legal action against any of the obligors.   If the judgment of the justice of the peace was given without jurisdiction of the parties or of the subject matter, an appeal-bond given to protect the defendants against its enforcement would be void, and there could be no recovery in an action upon it.   A voluntary bond given where the proceedings are merely irregular, and the debt or obligation claimed is justly due, may be enforced, but an involuntary bond exacted where the proceedings are void cannot be enforced.   *Hoboken* v. *Harrison,* 1 *Vroom* 73 ; *Gaddis* v. *Howell,* 2 *Vroom* 313.

This bond was, however, given without objection to the jurisdiction of the justice.   At no stage of the proceedings against them, prior to its execution, did the defendants claim their privilege to be sued in the District Court.   Having jurisdiction of the subject matter in an ordinary action for trover and conversion, the justice's court also acquired jurisdiction of the persons of these defendants when they appeared and interposed no plea or motion challenging the authority of the court to hear the cause and pronounce judgment against them.   The statute creating District Courts in certain cities was designed to be for the ease of persons residing in those cities, and gives exclusive jurisdiction to them where these residents choose to claim their privilege to be sued in them, and not in the justices' courts.   But this privilege, like others which are merely personal to litigants, may be waived by appearing, pleading and submitting to the authority of the court without seeking to be discharged.   It is too late after judg-

ment has been pronounced and an appeal from that judgment has been taken, to claim that the bond given to secure the appeal is void because the defendants had another forum given them by law, which they abandoned at the trial in the justice's court. A similar construction of this act has been given in the case of Funk v. Smith, decided at the present term of this court.

The judgment is affirmed, with costs.